GRIFFIN, The (GREENWAY v.). See Case No. 5,789.

---

## Case No. 5,817.

### GRIFFIN v. JEFFERS.

[5 Cranch, C. C. 444.] [1]

Circuit Court, District of Columbia. March Term, 1838.

ASSUMPSIT—ACCOUNT—EVIDENCE.

If the defendant reads a part of the plaintiff's account, filed with the declaration, in evidence to the jury, he thereby makes the whole account evidence for the plaintiff.

Indebitatus assumpsit, "for sundry matter and articles properly chargeable in account, as by a particular account thereof herewith into court exhibited appears," amounting to $97.93.

Upon the trial, at March term, 1836, Mr. Z. C. Lee, for defendant [Matthias Jeffers], in order to prove certain dates, read in evidence to the jury a part of the plaintiff's account, which had been filed with the declaration.

Mr. Coxe, for plaintiff [Peter Griffin], contended, and prayed the court to instruct the jury, that the defendant's counsel, by reading a part of the account to the jury as evidence, had made the whole account evidence for the plaintiff.

THE COURT (THRUSTON, Circuit Judge, absent) gave the instruction as prayed. Verdict for the plaintiff, $97.93.

Mr. Lee moved for a new trial on the ground

[1] [Reported by Hon. William Cranch, Chief Judge.]

of misdirection of the jury, and cited the case of Gracy v. Bailee, 16 Serg. & R. 126, abridged in 1 Wheeler, Abr. 170.

But THE COURT overruled the motion. Judgment for plaintiff.

See Harrison v. Rowan [Case No. 6,141]; Blight v. Ashley [Id. 1,541]; Bell v. Davis [Id. 1,249], in this court, at December term, 1826; Coote v. Bank of U. S. [Id. 3,203], in this court, at the same term; and Smith v. Coleman [Id. 13,029], in this court, at Washington, April term, 1821.

---

## Case No. 5,817a.

### GRIFFIN v. NOKES.

[Hempst. 72.] [1]

Superior Court, Territory Arkansas. April, 1829.

DUEBILL—ASSIGNMENT OF—POWER OF AGENT.

A duebill payable to order or bearer, is assignable, and may be assigned by an agent.

Appeal from the Crawford circuit court.

[This was an action at law by Thomas Griffin against Jesse Nokes.]

Before JOHNSON and ESKRIDGE, JJ.

JOHNSON, J. The first question is, whether a duebill not payable to order or bearer is assignable. We have no doubt that a duebill is embraced by the words of the statute, "bonds, bills, and promissory notes." Geyer, Dig. 66. The second question is, whether a duebill can be assigned by an agent. Of this we have no doubt, and consider it too clear to require reasoning. [2] Kyd, Bills, 33; Chit. Bills, 198; Poth. Obl. 74, 448. Judgment affirmed.

---

## Case No. 5,818.

### GRIFFIN et al. v. WOODWARD.

[4 Cranch, C. C. 709.] [3]

Circuit Court, District of Columbia. March Term, 1836.

DISTRESS FOR RENT—PROMISSORY NOTE GIVEN IN PAYMENT.

[1] [Reported by Samuel H. Hempstead, Esq.]

[2] Story, Bills, 76; Bayley. Bills, 69–74. But this must be done in the name of the principal; otherwise the agent will be held personally liable. To bind the principal and exonerate himself, he should regularly sign thus: "A. B. (principal) by C. D., his agent" or "attorney," as the case may be, or what is less exact, but would suffice, "C. D. for A. B." Story, Bills, 76, 77; Story, Ag. 153. In commercial and maritime contracts to promote public policy and encourage trade, if it can on the whole instrument be collected that the object is to bind the principal, and not the agent, courts of justice will adopt that construction of it, however loosely or informally expressed. Story, Ag. 154.

[3] [Reported by Hon. William Cranch, Chief Judge.]